DECISION.
{¶ 1} Defendant-appellant Steven Mitchell appeals his convictions for trafficking in cocaine and possession of cocaine. After a bench trial, the trial court found Mitchell guilty and sentenced him to three years of community control. We affirm.
 I. Crack in the Garbage {¶ 2} The state presented the testimony of two Cincinnati police officers. Officer Jason Bolte testified that at about 4:00 a.m., on August 12, 2004, he and his partner, Officer James Davis, were observing the northeast corner of East Clifton and Antique. The corner was in a high-drug area. Bolte watched as Mitchell stood on the corner for about 15 minutes. Mitchell then waved at a taxicab as it drove by, and the taxicab pulled to the curb. Bolte watched as Mitchell walked over to a metal garbage can and pulled out a small object. Mitchell then walked over to the cab.
 {¶ 3} Bolte testified that the person sitting in the back of the cab reached out and exchanged something with Mitchell. Bolte observed as Mitchell placed an object in his left jacket pocket, walked back to the garbage can, and placed the object back in the can. Officer Davis testified to the same events.
 {¶ 4} Bolte and Davis called for another police officer to stop Mitchell and handcuff him. Officer Davis testified that he then went to the garbage can and found a baggie of what was later identified as crack cocaine.
 {¶ 5} Officer Bolte read Mitchell his Miranda rights and searched him. Bolte found $44 in Mitchell's left jacket pocket. Upon questioning, Mitchell stated that he had just walked out of his house and was heading to a nearby track to go jogging. He denied that he was involved in a drug transaction.
 {¶ 6} Officer Bolte further testified that Rothenberg Elementary School was directly across the street from where the drug transaction took place.
 {¶ 7} Mitchell testified in his own defense. Mitchell testified that, on the night in question, he was at the Argosy Casino from 7:00 p.m. until 3:00 a.m. After leaving the casino, he drove straight home, which took about 30 minutes.
 {¶ 8} Mitchell testified that he then changed his clothes and headed out to go jogging at the elementary school. Mitchell testified that his residence was about a three-minute walk from the elementary school. According to Mitchell, he walked to the elementary school and ran for about an hour. After jogging, he began walking home, but the police stopped and arrested him. Mitchell denied ever being involved in a drug deal.
 II. Sufficiency and Manifest Weight {¶ 9} On appeal, Mitchell argues that his convictions were not supported by sufficient evidence, and that they were against the manifest weight of the evidence.
 {¶ 10} In criminal cases, the legal concepts of sufficiency of the evidence and weight of the evidence are distinct.[1]
A challenge to the sufficiency of the evidence attacks the adequacy of the evidence presented. Whether the evidence is legally sufficient to sustain a conviction is a question of law.[2] The relevant inquiry in a claim of insufficiency is whether any rational factfinder, viewing the evidence in a light most favorable to the state, could have found the essential elements of the crime proved beyond a reasonable doubt.[3]
 {¶ 11} A challenge to the weight of the evidence attacks the credibility of the evidence presented.[4] When evaluating a claim that a conviction was contrary to the manifest weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.[5] The discretionary power to reverse should be invoked only in exceptional cases "where the evidence weighs heavily against the conviction."[6]
 {¶ 12} Mitchell was convicted of trafficking in cocaine and possession of cocaine. The statute for trafficking states, "No person shall knowingly * * * [p]repare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person."[7] The statute for possession states, "No person shall knowingly obtain, possess, or use a controlled substance."[8]
 {¶ 13} The state presented the testimony of two police officers who watched as Mitchell stood on a street corner at 4:00 a.m. for at least five minutes before waving down a passing taxicab. Both officers testified that Mitchell walked to a nearby garbage can, took out an object, walked over to the taxicab, and then exchanged something with the passenger in the cab. Both officers observed that Mitchell then put something in his left jacket pocket and returned the item to the garbage can. Mitchell was found to have $44 in his jacket pocket, and the garbage can had a baggie of crack cocaine in it.
 {¶ 14} We conclude that a rational factfinder, viewing the evidence in a light most favorable to the state, could have found beyond a reasonable doubt that Mitchell had trafficked in cocaine and had possessed cocaine. Though Mitchell offered a different version of the facts, we also conclude that the trier of fact did not lose its way, and that Mitchell's convictions were not against the manifest weight of the evidence.
 {¶ 15} Therefore, we overrule Mitchell's assignment of error and affirm the trial court's judgment.
Judgment affirmed.
Hildebrandt, P.J., and Gorman, J., concur.
[1] See State v. Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541.
[2] Id.
[3] See State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two of the syllabus.
[4] See State v. Thompkins, supra, at 387.
[5] See id.; State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717.
[6] See State v. Martin, supra.
[7] R.C. 2925.03(A)(2).
[8] R.C. 2925.11(A).